IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS LAJEUNESSE, Individually,
and as Parent and Next Friend to
JESSIE LAJEUNESSE, a Minor Child,

       Plaintiffs,

vs.                                                             No. CIV 98-416 MV/RLP

BRIAN SALLEE and ALBUQUERQUE
POLICE DEPARTMENT, a Division of the
CITY OF ALBUQUERQUE, a Municipal Corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Albuquerque Police Department and Brian Sallee's Motion to Dismiss, filed July 2, 1998 **[Doc. No. 13]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED, in part**.

### PROCEDURAL BACKGROUND

Officer Brian Sallee of the Albuquerque Police Department was driving a police car on February 7, 1994 when the vehicle struck a bicycle ridden by Chris Lajeunesse and his child, Jessie Lajeunesse. As a result of the accident, the bicycle riders suffered injuries that required medical treatment. Police officers at the scene took the bicycle into custody. Despite internal operating procedures and statutory requirements that the Albuquerque Police Department notify Plaintiffs before the bicycle was discarded, the Albuquerque Police Department sold the bicycle at auction on April 27, 1995. It appears from the record that Defendant Brian Sallee may have been

contacted before the sale of the bicycle to determine whether its disposal was permitted.

Meanwhile Plaintiffs sent a Tort Claims Letter to the City of Albuquerque ("City") on March 18, 1994 advising the City of Plaintiffs' injuries and their intention to file suit over the accident. Agents for the City and Risk Management proposed to settle the claim and settlement negotiations continued while the Plaintiffs received medical treatment for their injuries. On August 23, 1995 a settlement offer was made which Plaintiffs rejected in October, 1995. Plaintiffs subsequently filed suit in the Second Judicial District of New Mexico on October 19, 1995 seeking compensation for the damages incurred as a result of the accident.

The 42 U.S.C. § 1983 claim at issue in this motion originally began as an action for spoliation of evidence in the Second Judicial District of the State of New Mexico. Initially, the claim was brought under the Tort Claims Act, NMSA §§ 41-4-1 to 41-4-25 (1981). The state court dismissed the complaint with prejudice, apparently on the basis that the Tort Claims Act does not waive the State's sovereign immunity for claims based on spoliation of evidence. During the hearing on the Motion to Dismiss the state court asked Defendants if any remedy was available to address Plaintiffs' claim of spoliation of evidence. Defendants stated that Plaintiffs could seek redress under 42 U.S.C. § 1983. (Def.'s Resp. to Pls.' Second Mot. to Am. Compl. at 2). The Court granted Plaintiffs leave to amend the complaint for the second time to include a § 1983 claim.

Defendants removed the case to the United States District Court as the case then involved questions of federal law including an alleged violation of Plaintiffs' civil rights under 42 U.S.C. § 1983 and relief under 28 U.S.C. § 1988. Defendants have moved to dismiss Count III of the Plaintiffs' Second Amended Complaint (hereinafter Complaint) on two alternative grounds. First,

Defendants contend that the Complaint fails to state a cause of action for which relief can be granted. Second, Defendants argue that the claim is barred because the applicable statute of limitations has run.

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

Similarly, summary judgment is an integral part of the Federal Rules of Civil Procedure,

which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## ANALYSIS

Defendants move to dismiss Count III of Plaintiffs' Complaint contending that the claim is founded upon the negligent conduct of the Defendants. As Defendants correctly point out, due process claims based on the negligent conduct of state actors are not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiffs' Complaint alleges, however, that the bicycle at issue was "intentionally and/or negligently" disposed by the Defendants in this case. (Pl.'s Second Am. Compl. at 4, ¶ 10). The Complaint is based on more than the simple negligence that Defendants assert is the case. Moreover, as Plaintiffs allege in their Response to the Motion to Dismiss, the proper statutory procedures for notification of the bicycle's disposal were not followed.[1] *See* NMSA § 29-1-14 (1994).[2] Although *Daniels* held that the Due Process Clause of the Fourteenth Amendment did not protect individuals from the simple negligence of government officials, it is clear from the opinion that the clause requires "the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property.'" 474 U.S. at 331. The clause is designed to protect the individual from the "arbitrary exercise of the powers of the government." *Id*. Case law demonstrates that in addition to intentional deprivations of life, liberty, or property actionable under §1983, deprivations based upon the gross negligence or deliberate indifference of

---

[1] Even if it were true that the value of the bicycle after the accident was less than the $50 statutory limit requiring personal notification and publication of sale, it is clear that the law requires that the bicycle not be needed for any public purpose before it can be discarded. NMSA § 29-1-14 (F) (1994). The resolution of civil actions, such as this one, are assumed to be within the scope of public purposes contemplated by the statute.

[2] Plaintiff incorrectly cites NMSA § 29-1-4 (A) & (B) as the controlling statute. (Pls.'s Resp. to Defs.' Mot. to Dismiss at 6). The correct statute is NMSA § 29-1-14 (1994).

state actors may form the basis for claims as well.  *See*, *e.g.*, *Ryan v. Burlington County*, 674 F. Supp. 464 (D.N.J. 1987) (gross negligence sufficient to state a claim under §1983), *aff'd and remanded on other grounds*, 860 F.2d. 1199; *Perry v. Elrod*, 436 F. Supp. 299 (D.C. Ill. 1977) (deliberate indifference manifested by actual intent or recklessness sufficient for §1983 claim).

Insofar as Plaintiffs found their Complaint on Defendants' negligent behavior, such claims are dismissed under the holding of *Daniels*.  However, it is undisputed that Officer Sallee took the bicycle into the custody of the Albuquerque Police Department after the accident.  Unresolved at this point in the case is what role Officer Sallee had in the bicycle's disposal before this civil suit commenced.  From the nature of the acts done, the relation of the parties, and the interests of the Defendants, the Court finds that Plaintiffs' allegations are sufficient to permit the inference that the actions of Officer Sallee and the Albuquerque Police Department were intentional when the Plaintiffs' bicycle was disposed.  Therefore the remaining claims founded upon the intentional conduct on the part of the Defendants will be allowed to proceed.   Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment on Count III for conduct predicated on the negligent behavior of the Defendants will be granted.  The remaining claims under Count III of the Complaint based on the Defendants' intentional actions may proceed.

Defendants also contend that Plaintiffs exceeded the statute of limitations governing the filing of the §1983 claim.  The injury that forms the basis of Plaintiffs' Complaint is the disposal of the bicycle without proper notification.  Defendants claim that the statute of limitations accrued on April 27, 1995, the date the bicycle was sold. (Def.'s Mot. to Dismiss at 4).  Indeed, under federal law §1983 claims "accrue, for the purposes of the statute of limitations 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  *Johnson v. Johnson*

*County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2nd Cir. 1980)).  Plaintiffs' assertion that the discovery doctrine applies to this case is immaterial to the determination of this issue, however, because Defendants incorrectly apply the two-year statute of limitations applicable to the Tort Claims Act to this date. *See* NMSA § 41-4-15 (1977).  Proper adjudication of a §1983 claim is governed by New Mexico's three-year limitation on claims for personal injuries.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *See also* NMSA § 37-1-8 (1976).  Using April 27, 1995 as the accrual date, the statute of limitations expired three years later on April 26, 1998.  Since Plaintiffs filed their Complaint claiming that their civil due process rights were violated under the United States Constitution on April 6, 1998, twenty days before the limitation period ran out, the § 1983 claim is timely.

Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment on Count III for failure to comply with the statute of limitations will be denied.

**IT IS THEREFORE ORDERED** that Defendants Albuquerque Police Department and Brian Sallee's Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint filed April 3, 1998  **[Doc. No. 13]** is **GRANTED, in part**.  Plaintiffs' claims under Count III of Plaintiffs' Second Amended Complaint predicated on negligent conduct are hereby dismissed.

**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiffs:  Attorney for Defendants:
Jane A. Laflin  Stephen F. Lawless