IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS LAJEUNESSE, Individually, and
as Parent and Next Friend to JESSIE
LAJEUNESSE, a Minor Child,

    Plaintiffs,

vs.                                                                   No. CIV 98-0416 MV/RLP

BRIAN SALLEE and ALBUQUERQUE
POLICE DEPARTMENT, a Division
of the CITY OF ALBUQUERQUE, a
Municipal Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Brian Sallee and Albuquerque Police Department's Motion to Disqualify Counsel **[Doc. No. 17]**. The Court, having considered the responsive pleadings, relevant law, and being otherwise fully informed, finds that the Motion to Disqualify Counsel is not well taken and will be **DENIED.**

### BACKGROUND

Plaintiffs were injured when the bicycle they were riding was struck by an Albuquerque Police Department vehicle operated by officer Brian Sallee. Defendants made a Motion for Summary Judgment which Plaintiffs successfully defended. Defendants now seek to disqualify Plaintiff's trial counsel for personally filing an affidavit while defending the Motion for Summary Judgment. Defendants assert that filing the affidavit makes Plaintiffs counsel a material witness to the spoliation

of evidence claim, contrary to Rule 3.7 of the Model Rules of Professional Conduct that proscribes advocate testimony at trial.

## STANDARD OF REVIEW

Plaintiff's right to select counsel, while not an absolute right, may be overridden only where compelling reasons exist. *Ramsay v. Boeing Welfare Benefit Plans Comm.*, 662 F. Supp. 968, 970 (D. Kan. 1987). "The Court must decide each such motion carefully and on its own facts, in an effort to balance the interest in protecting the integrity of the process against the right of a party to have counsel of its choice." *OMI Holding Co. v. Chubb Ins. Co. of Canada*, No. Civ. A. 95-2519-KHV, 1996 WL 772586, at *1 (D. Kan. Nov. 22, 1996), *rev'd on other grounds*, 149 F.3d 1086 (10th Cir. 1998). "A motion to disqualify counsel deserves serious, conscientious, and conservative treatment." *Id*. Absent extraordinary circumstances, it is well-established that "'the control of attorney's conduct in trial litigation is within the supervisory power of the trial judge' and thus is a matter of judicial discretion." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994), *quoting Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975).

## DISCUSSION

In considering a motion for disqualification, the Court must judge an attorney's conduct using both the local rules governing professional conduct and rules announce by the national profession in "light of the public interest and the litigant's rights." *In Re Dresser Indus., Inc.*, 972 F. 2d 540, 543 (5th Cir. 1992). Here, the Court's local rules-- the New Mexico Rules of Professional Conduct-- are essentially the same as the national standard, the Model Rules of Professional Conduct adopted by the American Bar Association ["ABA"]. *Compare* Rule 16-307 NMRA 1998 *with* ABA Model Rule of Professional Conduct, 3.7 (16-307 is identical except for omission of Model Rule's 3.7 (A)(c)

2

which exempts disqualification for substantial hardship on the client). Therefore New Mexico's treatment of the Rules of Professional Conduct represents persuasive authority for ruling on disqualification motions.

New Mexico requires the moving party to demonstrate necessity as a witness before Rule 16-307 mandates counsel's disqualification. *Chappel v. Cosgrove*, 121 N.M. 636, 640, 916 P.2d 840, __ (1996). When other witnesses are available to attest to the facts at hand, an advocate's testimony is considered cumulative and the necessity requirement is not met. *Id*. Federal courts considering the question have also required that the advocate's testimony be necessary and not merely cumulative before disqualifying a party's counsel of choice. *See Leonard v. University of Del.*, No. 96-360 MMS, 1997 WL 158280, *4 (D. Del. March 20, 1997).

Defendant's Memorandum in Support of the Motion to Disqualify does not demonstrate that Plaintiffs' counsel's testimony is necessary in the trial on the spoliation claim. To the contrary, Plaintiffs' Memorandum in Opposition asserts that "members of the staff may be able to testify to much of the material that may be used at trial." (Pl.'s Mem. In Opp'n at 3). Indeed, the affidavit at issue states that counsel's staff performed nearly all of the communication between the office and the police station. Moreover, Defendants fail to shown that conversations not performed by the staff could not be verified by the police station's staff at the evidence department. Since it is not demonstrated that counsel's testimony is necessary for the trial on the merits, the Court will not disqualify counsel at this point in the proceedings.[1]

---

[1] If Plaintiff *does* intend to call counsel as a witness, the Court is to be informed immediately. In such event, the Court would need to carefully consider the nature and scope of such testimony and would require briefing from the parties *supported by* relevant authority. At this juncture however, it is not apparent to the Court that the testimony is necessary or required.

Moreover, neither the original Motion for Summary Judgment nor the current Motion to Disqualify Counsel contests the evidence contained in Plaintiffs' counsel's affidavit. Both the local, state and federal rules have exceptions for an advocate's testimony as a witness where the issue is uncontested.[2] *See* Rule 16-307 (A)(1) NMRA 1998 and ABA's Model Rules 3.7(a)(1). Defendants do not demonstrate that this exception does not apply. *See Relo Ins. Group, Inc. v. Salisbury*, 1994 WL 194053 (N.D. Ill. May 13, 1994) (uncontested matters are exempted in Rule 3.7, therefore disqualification was unwarranted).

Furthermore, the Court does not consider the content of the affidavit to be material or prejudicial to the spoliation claim. The Court did not rely on the affidavit in the Summary Judgment phase of the litigation as both parties recognized that the bike was sold long before the conversation alleged in the affidavit took place. These conversations simply do not enlighten the spoliation claim. Even if they were material or prejudicial to the claim, bald assertions unsupported by authority, affidavits or evidence are insufficient to carry the burden of demonstrating the need for disqualification. *See* Weeks v. Samsung Heavy Industries Co., Ltd., 909 F. Supp. 582, 683 (N.D. Ill. 1996); *Brownlee v. Lear Siegler Management Servs. Corp.*, 15 F. 3d 976, 977-78 (10th Cir. 1994).[3]

---

[2] While the Defendant may contest whether the bicycle's loss amounted to spoliation, the underlying facts of Plaintiffs' counsel's affidavit have yet to be contested or countered with any substantive evidence.

[3] Similarly, since the alternative of bifurcating the trial was not briefed other than inclusion in the Motion's title, it was not considered by the Court in reaching this decision.

4

## CONCLUSION

While Plaintiffs' counsel's filing an affidavit instead of obtaining the relevant affidavits from his office or police department personnel is discouraged by the court, no facts at this point indicate that the Plaintiffs' counsel is necessary as a witness at trial.

**IT IS THEREFORE ORDERED**, that Defendants Brian Sallee and Albuquerque Police Departments, a Division of the City of Albuquerque, a Municipal Corporation's Motion to Disqualify Counsel **[Doc. No. 17]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ, JUDGE
DISTRICT OF NEW MEXICO

Attorney for Plaintiffs:
    Stephen F. Lawless

Attorney for Defendants:
    Jane A. Laflin